FILED
SUPERIOR COURT
OF GUAM

2014 JAN 31 AM 8: 46

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT**
**OF GUAM**

THE PEOPLE OF GUAM,                    )        Criminal Case No.: CF0311-12
                                       )
                                       )
            v.                         )
                                       )
                                       )        **DECISION AND ORDER**
JON CARSON LE FEVER,                   )
                                       )
                                       )
                      Defendant.       )
                                       )

## INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam Defendant's motion to dismiss was taken under advisement on December 20, 2013. The People are represented by Assistant Attorney General, Richelle J. Yu. Defendant is represented by Assistant Public Defender Richard S. Dirkx. Having considered the papers, pleadings and file herein, the Court now enters an order denying Defendant's request.

## BACKGROUND

On May 16, 2012, the People filed a Magistrate's Complaint alleging that Defendant during a period between September 1, 2011 and May 1, 2012, committed the following charges: 1) Family Violence, as a 3rd Degree Felony and 2) Child Abuse, as a 3rd Degree Felony. On May 23, 2012 a grand jury returned an indictment charging Defendant as follows: 1) Family Violence, as a 3rd Degree Felony, six counts; 2) Child Abuse, as a 3rd Degree Felony, six counts; 3) Felonious Restraint, as a 3rd Degree Felony; 4) Aggravated Assault, as a 3rd Degree Felony. Nearly one year later, on March 13, 2013, the Defendant was indicted in a

superseding indictment upon the following charges: 1) Family Violence, as a 3rd Degree Felony, eight counts; 2) Child Abuse, as a 3rd Degree Felony, two counts; 3) Felonious Restraint, as a 3rd Degree Felony, two counts; 4) Aggravated Assault, as a 3rd Degree Felony, eight counts; 5) Family Violence, as a Misdemeanor, two counts; 6) Assault, as a Misdemeanor, 2 counts; and 7) Child Abuse, as a Misdemeanor, two counts.

On August 20, 2013, Defendant filed a motion to dismiss. In it he asserts that during its grand jury presentation the People failed to introduce sufficient evidence in support of the allegations of serious bodily injury and exculpatory evidence. In the March 13, 2013 indictment Defendant asserts that the People, in their superseding indictment, were statutorily required to inform the grand jury of the following and did not: 1) Ms. Castro had been charged and pled guilty to child abuse three months previously; 2) Ms. Castro's custody of the minor had been taken and then restored; 3) Ms. Castro was the only witnesses as to most of the allegations and her credibility is questionable due to self-interest; 4) Ms. Castro's recorded interview occurred after she had pled guilty; 5) Child Protective Services had previously interviewed all members of the household and all of them denied that Defendant abuse the child; 6) The full contents of Dr. Que's report; 7) exhibits 2-10 which stated no radiographic evidence of non-accidental trauma; 8) Dr. Que's report contained no entry that indicated the injuries involved the likelihood of death or serious bodily injury; 9) The no fracture results of the skeletal survey; and 10) Dr. Que did not observe or treat any serious bodily injury.

The People filed their opposition on August 30, 2013. In it the People first assert that the Defendant's motion is untimely and that Defendant has not asserted sufficient facts to justify a finding of good cause. In the alternative and upon the merits the People argue and assert that the evidence identified by Defendant was not exculpatory and that they had no duty

to present it to the grand juries. In support of this argument the People cite to the Appellate Division's decision in *Quidachay* and the U.S. Supreme Court's decision in *Costello* which require a showing of flagrant and substantially prejudicial conduct prior to dismissal. They further assert and argue that there was sufficient evidence presented to the grand juries to support probable cause findings of serious bodily injury.

Defendant filed his reply on October 1, 2013. In it he reasserts his argument that the evidence he has identified was exculpatory. He argues that it is his belief that the testimony of a possible skull fracture was enough to make the jury believe that the minor suffered head injuries and that it was therefore the prosecutor's duty to provide the results of the skeletal exam and other further medical tests.

## DISCUSSION

### I. Timeliness

The People first object to the timeliness of Defendant's motion. They assert that the Defendant's motion was filed after the motion cut-off date and that Defendant has failed to assert sufficient facts to justify a finding of good cause allowing for the consideration of the motion to dismiss. However, in objecting and asserting this error the People fail to identify any standard or law which governs the consideration of late motions. Absent this the Court is unwilling to consider the People's objection as to timeliness. *Lamb v. Hoffman*, 2008 Guam 2 ¶¶ 34-36.

### II. Sufficiency and Competency

Section 50.42 of Title 8 of the Guam Code provides,

The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

8 GCA § 50.42 (2005). In November of 2013, the Guam Supreme Court, citing Section 50.54 of Title 8 of the Guam Code, explained that "a grand jury serves a gatekeeping function by considering the sufficiency of the evidence to support an indictment." *Guam v. San Nicolas*, 2013 Guam 21 ¶ 11. Section 50.54(b) provides, "(b) [t]he grand jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54 (2005).

Inherent within this function and these mandates is the People's duty to present to the grand jury some evidence of each of the essential elements of a charge. See, *People of Territory of Guam v. Quidachay*, 1986 WL 68912 at *1-2 (D. Guam App. Div. 1986). While *Quidachay* clarifies that it would be unwise to allow for the re-consideration of whether the evidence that was presented to a grand jury was sufficiently competent or credible, axiomatic to the statute's existence is the Court's duty to ensure some evidence of each element was presented. *Id.*

In this case Defendant asserts that there was insufficient evidence submitted to the jury to sustain a finding of probable cause of serious bodily injury. Mot. at 2-5. Defendant, however concedes in his motion that the People asked repeated questions of Ms. Brewster regarding various serious injuries and Ms. Brewster provided answers. *Id.* at 4. Furthermore the Court's review of the evidence of soft tissue injuries reveals that evidence was presented as to each essential element.

Defendant also argues and asserts that Ms. Castro testimony was biased and therefore not competent. However, Defendant has made no adequate showing that her testimony as presented was, flagrantly so or the cause of substantial prejudice. *People v. Palomo*, 1993

WL 129624, *5 (D. Guam App. Div. 1993). Under the above standard the Court's inquiry ends here. As readily explained by the U.S. Supreme Court, the Guam Code and this Court's Appellate division, it is outside of the ability of the Court to look further than whether any evidence was presented as to the specific necessary element. *United States v. Costello*, 350 U.S. 359, 363 (1956); 8 GCA § 50.42; *People of Territory of Guam v. Quidachay*, 1986 WL 68912 at *1-2 (D. Guam App. Div. 1986).

**III. Exculpatory Evidence**

In 1993 the Court's Appellate Division held, "the failure to prevent exculpatory evidence will not serve as grounds to dismiss an indictment where it does not "amount to flagrant deception or overreaching of a grand jury." *People of Territory of Guam v. Palomo*, 1993 WL 129624, *5 (D. Guam App. Div. 1993). A review of the evidence identified by the Defendant reveals it is not sufficient to support a finding under this standard. While each of the facts and evidences identified by the Defendant may perhaps serve a legitimate purpose at a trial as impeachment, they are insufficient to be exculpatory. *Id.*

CONCLUSION

Based on the foregoing, Court DENIES the Defendant's Motion to Dismiss. A Pre-Trial Conference is hereby set for February 4, 2014, at 10:00 am.

SO ORDERED this ___31___ day of ___January___ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam



JAN 3 1 2014